UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

UNITED STATES OF AMERICA

VERSUS

NORA SANTELLANA AND
LEE ANN TORRES

CR.  NO.  12-0259-01/02

JUDGE ROBERT G. JAMES

MAG. JUDGE KAREN L.  HAYES

RULING

Pending before the Court is Defendant Lee Ann Torres' ("Torres") "Motion to Sever

Defendants" ("Motion to Sever") [Doc. No. 47].  The Government has filed an opposition

memorandum [Doc. No. 49].  For the following reasons, Torres' motion is DENIED.

## I.   ALLEGED FACTS

Torres and her mother, Co-Defendant Nora Santellana ("Santellana"), are charged in a

two-count Indictment with one count each of (1) conspiracy to possess with intent to distribute

five kilograms or more of cocaine and (2) possession with intent to distribute five kilograms or

more of cocaine.

On September 4, 2012, Corporal Brad Smith of the Ouachita Parish Sherriff's

Department stopped a vehicle driven by Torres on Interstate 20 in West Monroe, Louisiana.

Santellana was in the front passenger seat, and her juvenile daughter was a passenger in the back

seat.

After obtaining consent from Torres, Corporal Smith searched the rear cargo area of the

vehicle and found 2 pairs of jogging pants stuffed with bagged cocaine.  After this discovery,

Corporal Smith read Torres and Santellana their rights and arrested them.

Trial is currently scheduled for February 11, 2013.

## II.   <u>MOTION TO SEVER</u>

Torres does not contest that she was properly joined for trial with Santellana under Federal Rule of Criminal Procedure 8(b), but moves for severance on the basis of prejudice pursuant to Federal Rule of Criminal Procedure 14(a).  She contends that severance is required for three reasons: (1) she will be prevented from calling Santellana as a witness if she desires to do so, (2) the Government's introduction of Santellana's statements will result in a *Bruton* problem, and (3) the evidence against Torres is *de minimis* compared to the evidence against Santellana.

The Government responds that the reasons cited by Torres do not constitute the clear prejudice required for severance under Rule 14.  First, the Government contends that Torres has failed to meet the threshold showing for severance based on her co-defendant's testimony at a separate trial.  Second, the Government is aware of the *Bruton* problem raised by offering any statement by Santellana that inculpates Torres, and the Government will resolve the problem by either declining to offer the statements or by redacting the statements.  Third, the mere fact that the evidence against one defendant is greater does not necessitate severance.

 "As a general rule, persons indicted together should be tried together, particularly when the offense is conspiracy."  *United States v. Simmons*, 374 F.3d 313, 317 (5th Cir. 2004) (per curiam) (citing *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993)); *see also United States v. McKinney,* 53 F.3d 664 (5th Cir. 1995);  *United States v. Wilwright,* 56 F.3d 586 (5th Cir. 1995).  Joint trials "promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'"  *Zafiro v. United States*, 506 U.S. 534, 537 (1993)

2

(quoting *Richardson v. Marsh*, 481 U.S. 200, 210 (1987)).

Nevertheless, Rule 14 of the Federal Rules of Criminal Procedure provides that a court may grant a severance of defendants when it appears that a defendant will be prejudiced by a joint trial.  FED. R. CRIM. P. RULE 14.  "In ruling on a motion to sever, a trial court must balance potential prejudice to the defendant against the 'public interest in joint trials where the case against each defendant arises from the same general transaction.'"  *Simmons*, 374 F.3d at 317 (quoting *United States v. Kane*, 887 F.2d 568, 571 (5ᵗʰ Cir. 1989))  To justify severance of co-defendants, the movant must show that she would suffer specific and compelling prejudice against which the court is unable to provide protection, such as through a limiting instruction, and that this prejudice would result in an unfair trial.  *United States v. Kaufman*, 858 F.2d 994, 1003 (5th Cir. 1988) (citing *United States v. Toro*, 840 F.2d 1221, 1238 (5th Cir. 1988)); *see also United States v. Lewis*, 476 F.3d 369, 383 (5th Cir. 2007) (citing *United States v. Sudeen*, 434 F.3d 384, 387 (5th Cir. 2005)).  "A district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  *Zafiro,* 506 U.S. at 539.

The Court finds no compelling reason for severance in this case.   First, to obtain a severance based on the desire to have a co-defendant testify in her defense, a defendant must establish: "(1) a bona fide need for the co-defendant's testimony; (2) the substance of the testimony; (3) the exculpatory effect of the testimony; and (4) that the co-defendant actually would testify if the trial were severed."  *United States v. Snarr,* --- F.3d ----, 2013 WL 85975, at *20 (5ᵗʰ Cir. Jan. 8, 2013) (citing *United States v. Owens*, 683 F.3d 93, 99 (5th Cir. 2012)).  To

3

satisfy the third and fourth prongs, the movant cannot rely on "[a] statement from [her] attorney . . . that the defendant's co-defendant would be willing to testify," or with statements from the attorney regarding "the substance of such testimony."  *Owens*, 683 F.3d at 100.  Instead, a defendant must present an affidavit from the co-defendant, or some other "similar proof." *Id.* at 99.  Torres has failed to meet this standard, offering only her attorney's statement that Santellana "could testify, if called, that Ms. Torres was not part of the conspiracy," but there is no affidavit or similar proof that she would so testify.

Torres also raised *Bruton* concerns.  In *Bruton v. United States*, 391 U.S. 123 (1968), the Supreme Court held that a criminal defendant's Sixth Amendment confrontation right is violated where a hearsay statement by his co-defendant inculpating the defendant is admitted into evidence, and the co-defendant does not testify.  391 U.S. at 126.  In this situation, limiting instructions alone are not an adequate remedy.  *Id.* at 137.  However, the Confrontation Clause is not violated by admission of a non-testifying co-defendant's statement with a proper limiting instruction when the statement is redacted to eliminate any inculpatory reference to the defendant.  *See Richardson v. Marsh,* 481 U.S. 200, 202-03 (1987) (A defendant's Confrontation Clause rights were not violated by the admission of a co-defendant's confession that was redacted to omit any reference to the other defendant, as well as any indication that anyone other than the co-defendant and an identified third party (who was not on trial) participated in the crime); *cf. Gray v. Maryland,* 523 U.S. 185, 188 (1998) (A defendant's Confrontation Clause rights were violated by the admission of a co-defendant's confession that was redacted by replacing the defendant's name with blank spaces and, when read into evidence at trial, the word "deleted" or "deletion.").

In this case, Torres contends that *Bruton* will be implicated if the Government offers into evidence a recording of Santellana from the police unit where she was detained.  On the recording, Santellana sighs and says, "The first time **we** f---ing go . . ."  (emphasis added), and, later, "Lee Ann was too damn nervous."  However, the Government states in its opposition memorandum that it will either refrain from using any inculpatory statements by Santellana or will redact those statements, so as to avoid any reference to Torres.  Under these facts, Torres cannot show specific and compelling prejudice against which the Court is unable to provide protection, or that such prejudice would result in an unfair trial.  Counsel for the Government and Torres must confer and notify the Court no later than Friday, February 8, 2013, how they anticipate resolving these issues or if an additional ruling by the Court is necessary.

Finally, the Court rejects Torres' argument that the greater weight of evidence against Santellana is sufficient to justify severance.  The volume of evidence against one defendant and the subsequent "spillover effect, by itself, [against the co-defendant] is an insufficient predicate for a motion to sever."  *United States v. Bieganowski*, 313 F.3d 264, 287 (5th Cir. 2002).  The Court believes that the jury, with proper instruction, can separate and consider the Government's case against each Defendant, and, thus, severance is not necessary.

## III.   CONCLUSION

For the foregoing reasons, Torres' Motion to Sever [Doc. No. 47] is DENIED.

Monroe, Louisiana, this 4th day of February, 2013.


**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**

5